UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIXIE MECHELLE MARIE FLORES, | No. 2:15-cv-2676-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").[1]  In her motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from June 6, 2012, the date plaintiff's SSI application was filed, through the final administrative decision.  (ECF No. 12.)  The Commissioner filed an opposition to plaintiff's motion and a cross-motion for summary judgment.  (ECF No. 16.)  Thereafter, plaintiff filed a reply brief.  (ECF No. 17.)

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes.  (ECF Nos. 7, 8.)

1

After carefully considering the parties' written briefing, the court's record, and the applicable law, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the final decision of the Commissioner.

BACKGROUND

Plaintiff was born on January 4, 1955; has at least a high school education; is able to communicate in English; and previously worked primarily as a janitor and parking lot attendant. (Administrative Transcript ("AT") 25, 67, 90, 176, 178.)[2] On June 6, 2012, plaintiff applied for SSI, alleging that her disability began on June 30, 1998, and that she was disabled primarily due to kidney problems, lupus, migraines, high blood pressure, leukemia, and muscle spasms. (AT 67-68, 172, 177.) After plaintiff's application was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on February 13, 2014, and at which plaintiff, represented by an attorney, and a vocational expert ("VE") testified. (AT 18, 32-65.) The ALJ subsequently issued a decision dated April 25, 2014, determining that plaintiff had not been under a disability, as defined in the Act, from June 6, 2012, the date that plaintiff's SSI application was filed, through the date of the ALJ's decision. (AT 18-27.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on October 30, 2015. (AT 1-6.) Plaintiff then filed this action in federal district court on December 28, 2015, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

ISSUES PRESENTED

On appeal, plaintiff raises the sole issue of whether the ALJ erroneously failed to incorporate into the residual functional capacity assessment a limitation that plaintiff was restricted to carrying out one- to two-step instructions.

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

THE ALJ'S FINDINGS

The ALJ evaluated plaintiff's entitlement to SSI pursuant to the Commissioner's standard five-step analytical framework.[3] At the first step, the ALJ concluded that plaintiff had not

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

engaged in substantial gainful activity since June 6, 2012, plaintiff's SSI application date.[4] (AT 20.) At step two, the ALJ found that plaintiff had the following severe impairments: migraines, hypertension, obesity, dermatitis, and depression not otherwise specified. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except the claimant should avoid concentrated exposure to extreme cold, extreme heat, and wetness. She should avoid all exposure to operational control of dangerous moving machinery and unprotected heights. The claimant is limited to work involving simple, routine, and repetitive tasks.

(AT 21.)

At step four, the ALJ determined that plaintiff was unable to perform any past relevant work. (AT 25.) However, at step five, the ALJ found that, in light of plaintiff's age, education, work experience, and RFC, and based on the VE's testimony, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. (AT 26.) Specifically, the VE testified that plaintiff would be able to perform the representative occupations of stubber, patient transporter, and bagger. (Id.) Thus, the ALJ concluded that plaintiff had not been under a

---

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

[4] Regardless of the alleged disability onset date, SSI is not payable prior to the month following the month in which the application was filed. 20 C.F.R. § 416.335.

4

disability, as defined in the Act, from June 6, 2012, plaintiff's SSI application date, through the date of the ALJ's decision.  (Id.)

DISCUSSION

Plaintiff does not challenge the ALJ's findings with respect to her physical impairments and limitations; nor does she challenge the ALJ's adverse credibility findings.  Instead, plaintiff only challenges the ALJ's evaluation of the mental component of the RFC; more specifically, the restriction limiting plaintiff to work involving simple, routine, and repetitive tasks.

Plaintiff's argument is relatively straightforward:  according to plaintiff, non-examining state agency physician Dr. Balson restricted plaintiff to carrying out one- to two-step instructions, and although the ALJ purportedly gave substantial weight to Dr. Balson's opinion, the ALJ erroneously failed to incorporate that specific limitation into the RFC or explain why that limitation was not adopted.  Furthermore, plaintiff argues that such purported error was not harmless.  Based on the ALJ's RFC for simple, routine, repetitive tasks, the VE identified the representative occupations of stubber, patient transporter, and bagger, which are all reasoning level 2 occupations.  In reliance on Rounds v. Comm'r of Soc. Sec. Admin., 807 F.3d 996, 1002-04 (9th Cir. 2015), plaintiff points out that a restriction to only carrying out one- to two-step instructions is narrower than a restriction to simple, routine, repetitive tasks, and a person so limited would generally be restricted to reasoning level 1 occupations.  Thus, if plaintiff's RFC had included such a limitation, it would have potentially precluded the reasoning level 2 occupations identified by the VE.

The fundamental problem with plaintiff's argument is its initial premise:  that Dr. Balson actually restricted plaintiff to only carrying out one- to two-step instructions.  Although that is one potential interpretation, Dr. Balson's opinion, considered as a whole, is in fact ambiguous.  To be sure, in one portion of his opinion, Dr. Balson indicates that plaintiff was able to "carry out one and two-step instructions with adequate concentration, persistence and pace over a normal workday/workweek."  (AT 87.)  However, in other portions of the opinion, Dr. Balson states that plaintiff was able to understand, remember, and carry out short and simple instructions; only moderately limited in her ability to understand, remember, and carry out detailed instructions; and

1 that he recommended limiting plaintiff merely to unskilled work.  (AT 81-82, 86.)  See Barbosa
2 v. Colvin, 2014 WL 4929420, at *6 (E.D. Cal. Sep. 30, 2014) (finding simple, routine work
3 consistent with unskilled work); Chase v. Colvin, 2014 WL 4544096, at *14 (N.D. Cal. Sep. 12,
4 2014) (same).  In light of those ambiguities, the ALJ's interpretation was at least equally
5 plausible.

6       Moreover, based on the record, the court cannot say that the ALJ's resolution of the
7 ambiguity was irrational.  Indeed, the ALJ's interpretation of state agency physician Dr. Balson's
8 opinion is more consistent with the opinion of the consultative examiner, Dr. Ko Fang, who did
9 not restrict plaintiff to only carrying out one- to two-step instructions, but instead found that
10 plaintiff's ability to perform simple and repetitive tasks was only mildly impaired, her ability to
11 perform detailed and complex tasks was only moderately impaired, and her ability to perform
12 work activities on a consistent basis without special or additional instruction was only mildly
13 impaired.  (AT 339.)  Dr. Fang also observed that plaintiff was able to concentrate during the
14 interview with no redirection needed.  (AT 337.)  Because Dr. Fang personally examined plaintiff
15 and made independent clinical findings, his opinion constitutes substantial evidence on which the
16 ALJ was entitled to rely.  Significantly, in this case, Dr. Balson's opinion also specifically
17 indicated that he agreed with Dr. Fang's findings from the consultative examination, further
18 supporting the ALJ's interpretation.  (AT 87.)  Indeed, even if the ALJ had interpreted Dr.
19 Balson's opinion to be inconsistent with Dr. Fang's opinion, he would have been required by
20 applicable law to provide specific and legitimate reasons to reject Dr. Fang's examining opinion
21 and could not have relied solely on Dr. Balson's non-examining opinion to do so.  Lester, 81 F.3d
22 at 830-31.

23       Finally, the court notes that the ALJ's interpretation of Dr. Balson's opinion is also
24 consistent with other evidence in the record.  Notably, the record contains minimal evidence of
25 any mental health treatment.  On May 20, 2013, after the consultative examination with Dr. Fang,
26 plaintiff requested her treating provider, Dr. Thao Nguyen, to fill out disability paperwork and
27 complained of a depressed mood since her mother passed away 26 years prior.  Dr. Nguyen
28 assessed a sad mood, but linear thought processes and intact insight and judgment; did not declare

plaintiff disabled or issue any specific mental limitations; prescribed Zoloft; and referred plaintiff for therapy, although the record does not show any evidence of subsequent therapy. (AT 344-45.) On her next visit to the same clinic on July 18, 2013, plaintiff did not report any mental health symptoms. (AT 342-43.) Additionally, although plaintiff alleged disability as of 1998, she actually worked full time from 2006-2010 until she was laid off due to a conflict with her supervisor, and at the time of the hearing she continued to work as a janitor for five full days a month. (AT 38, 46-48, 51-52, 58-59, 177-78.) Plaintiff herself testified that she had no problems thinking at work and was able to follow the directions of her supervisors. (AT 46.)

In sum, the ALJ did not improperly reject a portion of Dr. Balson's opinion. Instead, Dr. Balson's opinion was ambiguous; the ALJ's interpretation of that opinion was reasonable, rational, and consistent with the record as a whole; and the court defers, as it must, to that interpretation.

V. CONCLUSION

In light of the above, the ALJ's decision was free from prejudicial legal error and supported by substantial evidence in the record as a whole. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is GRANTED.

3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: December 27, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE