UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIXIE MECHELLE MARIE FLORES, | No. 2:15-cv-2676-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

INTRODUCTION

On December 28, 2016, this court affirmed the final decision of the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income ("SSI), and entered judgment for the Commissioner. (ECF Nos. 20, 21.) Thereafter, on January 12, 2017, plaintiff filed a motion to alter or amend the judgment. (ECF No. 22.) The Commissioner has opposed the motion. (ECF No. 24.) For the reasons discussed below, the court DENIES the motion.

DISCUSSION

Federal Rule of Civil Procedure 59 allows a party to move to alter or amend a judgment within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). "There are four grounds upon which a Rule 59(e) motion may be granted:  1) the motion is necessary to correct manifest errors

of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (citation and quotation marks omitted). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citation and quotation marks omitted).

According to plaintiff, non-examining state agency physician Dr. Balson restricted plaintiff to carrying out one- to two step instructions, and although the ALJ purportedly gave substantial weight to Dr. Balson's opinion, the ALJ erroneously failed to incorporate that specific limitation into the RFC or explain why that limitation was not adopted. For the reasons discussed in detail in the court's December 28, 2016 decision, the court found that Dr. Balson's opinion was ambiguous, and deferred to the ALJ's interpretation of the opinion that plaintiff could perform simple, routine, and repetitive tasks.

In the present motion, plaintiff suggests that the court improperly affirmed the ALJ's decision on a basis not articulated by the ALJ, because the ALJ's decision, unlike the court's order, never explicitly recognized an ambiguity in Dr. Balson's opinion. That argument lacks merit. Whether or not plaintiff and the court could discern a potential ambiguity, the ALJ's interpretation of Dr. Balson's decision here was reasonable, rational, and consistent with the opinion of the consultative examiner, the minimal evidence of any mental health treatment, plaintiff's work history, and plaintiff's own testimony, as discussed in the court's prior order. Importantly, by simply noting a potential ambiguity in Dr. Balson's opinion, but nonetheless deferring to the ALJ's reasonable interpretation, the court did not somehow rely on an independent ground not supported by the ALJ's decision.

Plaintiff also appears to argue that Dr. Balson's opinion is not actually ambiguous, but definitively restricted plaintiff to carrying out one- to two step instructions. For the reasons discussed in the court's prior order, the court disagrees. Plaintiff's argument fails to consider Dr. Balson's opinion as a whole, and isolates certain portions of the opinion while ignoring others,

such as the portions where Dr. Balson specifically agreed with the consultative examiner Dr. Fang's assessment and recommended limiting plaintiff merely to unskilled work.  (AT 81-82, 86-87.)

In sum, plaintiff's motion fails to demonstrate that the judgment was based on a manifest error of law or fact, or that it will result in manifest injustice.

CONCLUSION

Accordingly, plaintiff's motion to alter or amend the judgment is DENIED.  No further motions for reconsideration will be entertained in this closed case.

IT IS SO ORDERED.

This order resolves ECF No. 22.

Dated:  March 14, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE