UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIXIE MECHELLE MARIE FLORES,<br><br>              Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | No.  2:15–cv–2676–KJN<br><br>ORDER AWARDING ATTORNEY'S FEES UNDER 42 U.S.C. § 1383(D)<br><br>(ECF No. 31) |

Presently before the court is plaintiff's counsel Lawrence Rohlfing's motion for attorney's fees pursuant to 42 U.S.C. § 1383(d).[1]  (ECF No. 31.)  For the following reasons, the court GRANTS the motion.

**Background**

In December 2015, plaintiff initiated this action appealing the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  (ECF No. 1.)  In December 2016, after considering fully briefed cross-motions for summary judgment, the undersigned affirmed the Commissioner's decision.  (ECF No. 20.)  In March 2017, the undersigned also denied plaintiff's motion to alter or amend the

---

[1]  Both parties consented to the jurisdiction of a magistrate judge for all purposes, under 28 U.S.C. § 636(c).  (ECF Nos. 7, 8.)

1

judgment. (ECF No. 25.) Plaintiff appealed to the Ninth Circuit, and in May 2018 the Court of Appeals reversed this court's judgment. (ECF Nos. 28, 29.)

On remand from this court, the agency conducted further administrative proceedings and on September 10, 2020 found plaintiff disabled, granting her Title XVI claim for SSI. (ECF No. 31.2.) On May 19, 2022, the Commissioner notified plaintiff that she was being awarded past-due SSI benefits totaling $82,265.96.[2] (ECF No. 31.3 at 3.)

Plaintiff's counsel now moves for $20,299.81 in attorney's fees under 42 U.S.C. § 1383(d). (ECF No. 31.) This amount sought is exactly 25% of the $81,199.24 in past-due benefits that counsel avers plaintiff was awarded. (ECF No. 31 at 8, ¶ 4.) It is slightly less than 25% of the $82,265.96 that it appears plaintiff was actually awarded (roughly 24.7%). As to attorney's fees under the Equal Access to Justice Act ("EAJA"), no EAJA fee request appears on this court's docket; however, counsel avers that in July 2019 (after plaintiff's successful appeal) the government applied an EAJA payment of $9,977.46 to pay plaintiff's delinquent debt for child support, and counsel attaches a copy of the Treasury Department's notice of offset. (ECF No. 31 at 8, ¶ 6; ECF No. 31.5.)

Counsel notified plaintiff of this motion (ECF No. 31 at 2, 10), but plaintiff filed no objections; and despite the court's invitation, the Commissioner filed no response to this motion.

**Legal Standard**

Pursuant to 42 U.S.C. § 1383(d), an attorney may seek an award of attorney's fees for work performed in a Social Security case where the claimant is awarded SSI benefits under Title XVI. Section 1383(d)(2) is to Title XVI benefits awards what 42 U.S.C. § 406(b) is to Title II benefits awards. "[T]he same standards generally apply to both provisions, as § 1383(d)(2) largely incorporates § 406." Aguilar v. Saul, 2019 WL 6175021, at *1 n.2 (C.D. Cal. Sept. 16, 2019); see 42 U.S.C. § 1383(d)(2)(A) ("The provisions of section 406 . . . shall

---

[2] Counsel does not explain the nearly two-year delay between the agency's fully favorable decision and the Notice of Award. It is also unclear why plaintiff's counsel believes plaintiff's total back payment award was $81,199.24. (See ECF No. 31 at 8, ¶ 4.) The copy of the Notice of Award is difficult to make out, but as best the court can tell it states that plaintiff was due a "total back payment of $82,265.96." (ECF No. 31.3 at 3.)

apply to this part to the same extent as they apply in the case of subchapter II of this chapter."). The court therefore relies on the case law and standards applicable to § 406(b) motions.

Like § 406(b), § 1383(d)(2) authorizes a reasonable fee for attorneys who represent a successful social security claimant in federal court, up to a maximum of 25% of the total past-due benefits awarded by the Commissioner. See 42 U.S.C. § 1383(d)(2)(B). Unlike fee-shifting provisions where the losing party is responsible for attorney's fees, the attorney's fees authorized under § 406(b) or § 1383(d) are paid by the claimant out of the past-due benefits awarded. Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002).

The Commissioner typically does not act as an adversary, but instead as an adviser to the court with respect to these fee requests. Crawford v. Astrue, 586 F.3d 1142, 1144 n.2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee determination resembling that of a trustee for the claimants."). "Because the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." Id. at 1149.

In reviewing the fee request, the court looks first to the parties' contingency-fee agreement, then tests it for reasonableness—always respecting "the primacy of lawful attorney-client fee agreements . . . ." Gisbrecht, 535 U.S. at 793 (noting that courts following this method have "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."). To this end, the Ninth Circuit instructs:

> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case. [A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases.

Crawford, 586 F.3d at 1148 (citations omitted). The attorney bears the burden of establishing the reasonableness of the fee. Gisbrecht, 535 U.S. at 807 n.17.

3

Thus, unlike in standard attorney's fees motions based on the lodestar method, the court's reasonableness inquiry "must begin, under Gisbrecht, with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." Crawford, 586 F.3d at 1149, 1151 ("the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall").

**Analysis**

In support of this motion for attorney's fees, plaintiff's counsel attaches plaintiff's attorney-client agreement, which provides for a contingent fee of "25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." (ECF No. 31.1.) The agreement is signed. (Id.) The court also notes that plaintiff's counsel served a copy of the motion on plaintiff and that plaintiff did not file any objections to this fee request. (ECF No. 31 at 2, 10.) Accordingly, the court has no reason to doubt plaintiff's counsel's representations regarding the fee agreement. As noted above, plaintiff's counsel seeks $20,299.81 in fees, constituting just under 25% of plaintiff's past-due benefits award.

In light of the guidance provided in Crawford, the court finds plaintiff's counsel's fee request to be reasonable. As an initial matter, agreements providing for fees of 25% of past-due benefits are the "most common fee arrangement between attorneys and Social Security claimants." Crawford, 586 F.3d at 1147. Additionally, the undersigned finds no indication that plaintiff's counsel performed substandard work or unduly delayed the case. To the contrary, plaintiff's counsel's work ultimately resulted in a fully favorable decision for plaintiff; and it seems that the significant delay between the favorable decision and the award of benefits was due to the agency's backlog rather than neglect by counsel. Furthermore, the total amount sought ($20,299.81) does not appear to be disproportionate to the amount of time plaintiff's counsel spent on the case. Plaintiff's counsel avers that his firm spent 53.44 hours of attorney and paralegal time on this case up through the order of remand. (ECF No. 31 at 8, ¶ 5; ECF No. 31.4.) This equates to a (blended) hourly rate of approximately $380 per hour—which is below standard market rates for experienced counsel in non-contingency cases in this district, and

well below the effective rates approved in social security cases.  See Crawford, 586 F.3d at 1153 (J. Clifton, concurring in part and dissenting in part) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902); Thomas v. Colvin, 2015 WL 1529331, at *2-3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (awarding an hourly rate exceeding $1,000, when counsel requested $4,569.25 for 5.2 hours of combined attorney and paralegal work, and noting that "[r]educing § 406(b) fees after Crawford is a dicey business").  Moreover, the court finds the requested fee reasonable in light of the positive outcome achieved after several dispositive motions and an appeal.  For these reasons, the court awards plaintiff's counsel the requested amount of $20,299.81 in attorney's fees under 42 U.S.C. § 1383(d).

Because the government applied the EAJA award to pay plaintiff's pre-existing debt, plaintiff's counsel did not receive any assignment of EAJA fees.  Accordingly, the instant award of fees under § 1383(d) will not be offset to account for any prior EAJA award.

## ORDER

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 1383(d) (ECF No. 31) is GRANTED; and
2. The Commissioner shall pay plaintiff's counsel the sum of $20,299.81 in attorney's fees under 42 U.S.C. § 1383(d).

Dated:  August 30, 2022

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

flor.2676